**N. O. LIVEZEY, Appellant,**

v.

**RANGER INSURANCE COMPANY,**
**Appellee.**

No. 5702.

Court of Civil Appeals of Texas.

El Paso.

April 14, 1965.

L. A. Cullison, Ft. Stockton, for appellant.

Bullock, Kerr & Scott, Ft. Stockton, for appellee.

FRASER, Chief Justice.

This is an appeal from a judgment rendered by the 112th District Court of Pecos County, Fort Stockton, Texas. The appellant brought suit against the appellee insurance company for recovery of hail damage to cotton crops owned by said appellant and insured by said appellee. After the plaintiff had rested the trial court, after hearing oral arguments granted defendant's motion to withdraw the case from the jury and render judgment in favor of defendant.

The insurance policies here involved provided, among other things, that the insured must send to the insuring company a Proof of Loss within ninety-one days after the loss that might be the cause of any liability on the part of the insurer. Such proof of loss as provided for in the policy must be sworn to and, among other things, contain the location and description of the damaged crop and the amount of the loss, and also a statement in detail showing how and in what manner the amount of loss claimed was determined by the insured. It is conceded that this proof of loss was not supplied to the company by the insured, and this controversy is concerned with whether or not appellant is correct in his assertion and position that proof of loss as required by the policies was waived by the insuring company.

Appellant presents two points of error claiming that the question of the waiver was a matter of fact to be determined by a jury; and, secondly, that the court erred in granting judgment for the insurer and against the appellant.

We must agree that the finding of the trial court is correct. It appears from the record that after the hail in question, the company and its local representative were notified; that on two different occasions adjusters from the company inspected the crop in company with appellant and/or his son; that on these occasions the adjusters stated to Mr. Livezey and/or his son that the loss was either 18 per cent or 19 per cent. The policy provides that the insurer is not liable for the first 20 per cent of loss or damage. It further appears that Mr. Livezey was asked by one of the adjusters to execute a "waiver" or withdrawal of

claim, but that Mr. Livezey testified that he was demanding a settlement on the basis of a 50 per cent or 60 per cent loss. The withdrawal of claim form was placed in evidence, or rather a copy of same which Mr. Livezey had executed with reference to hail damage on other property. So, in summing up, it seems that the only contact between the insured and the insurer came about as a result of the two trips of inspection and the request by the insurer of appellant to sign a withdrawal of claim.

We recognize that in a case such as this, where the court has instructed a verdict in favor of the defendant, the court will assume that the facts shown by the plaintiff's evidence are the true facts in the case. However, we are dealing here with a written contract that expressly requires the submission of proof of loss, and we do not believe the evidence presented by the plaintiff, even though taken as true and viewed in its most favorable aspect, is sufficient to establish that this essential provision of the insurance contract was waived by the insurance company. It would serve no purpose to review the entire Statement of Facts, as we find only that the adjusters made two trips and estimated the loss at either 18 or 19 per cent. We find no evidence that either by word or action did they give the insured the impression that he did not have to file proof of loss, or that such filing would be waived by the company. The withdrawal of claim seems to be a document in use and executed where the loss is under the 20 per cent minimum. The proof of loss, as stated above, must show the location, time and extent of damage. Further, it is evident that the inspection trips and conversations which took place at that time all occurred shortly after the hail, but the appellant never did send in any proof of loss. It is established law that a written contract is enforced according to its terms unless a party thereto can prove a definite waiver or cancellation of a provision of the contract by evidence, either direct or of such nature that a reasonable person would assume that the provi-

sion in question had been waived or canceled. We do not believe the facts here justify any such presumption and feel that the trial court was correct in so holding.

In summation, the entire case of the appellant consisted of conversations between adjusters and the appellant and his son, and nowhere do we find the appellee or its agents doing or saying that which would be sufficient to act or serve as a waiver of the submission of proof of loss, as expressly provided for in the policy. Round Rock Independent Sch. Dist. v. First National Ins. Co., 324 F.2d 280.

We have considered the cases presented by appellant and do not find them in point; as, for example, the case of Hanover Fire Ins. Co. v. Slaughter, 111 S.W.2d 362 (Tex. Civ.App.). It appears that the agent of the company had made a statement that the company was liable and ought to go ahead and pay the loss, and that during the period in which proof of loss could have been made, the insured was led to believe, by conversations, acts and conduct of two agents of the company, that no further proof of loss would be required, and that the only difference between the insurer and the insured was the *value* of the grain lost, there being no dispute as to the amount, as it involved a total loss. The situation before us is different because, here, the entire controversy revolves around the amount or extent of loss, and the insurer had made two inspections of the crop. It will be noted that in the Proof of Loss provision of the policies, the insured must detail how and in what manner the amount claimed was determined and whether the crop in question had suffered any prior damage. In St. Paul Fire & Marine Ins. Co. v. Pipkin, Tex.Civ.App., 207 S.W. 360, cited by the appellant, the insurer received an unsworn claim for damages, the adjuster admitted liability and the insured presented a form of proof, but filled in only the percentage of loss. The court held that the filing of a proof of loss had been waived by the actions of the company. These cases and others illustrate that to entitle the in-

sured to claim the waiver of some important or vital part of the policy in question, there must be more evidence presented than we have before us. Here, there was no offer of settlement because the company was not liable for any loss under 20 per cent, and the only document submitted by the insurer was a withdrawal of claim, which the insured declined to sign or execute.

Nor is the situation here controlled by the line of cases dealing with situations where the denial of liability has nothing to do with the proof of loss. These cases appear to have been decided on the theory that the submission of a proof of loss would have been a useless act because, in the cases cited to us, the various companies involved denied liability because of misrepresentations in the application, the lapsing of the policy, and/or that the loss claimed was not covered. Here, the proof of loss was required, apparently to supply the company with desired and necessary information to be submitted by the insured under oath. The following example may illustrate the need for such requirement. The policies in question here provided for payment for loss of yield only, and although Mr. Livezey had testified that he had 50 to 60 per cent damage, he also testified that his crop had a potential of three and a half bales per acre immediately prior to the hail. However, Mr. Livezey later stated that he estimated his loss at 90 or 100 bales. The field involved consisted of 106 acres of cotton, and as Mr. Livezey estimated his loss at 90 to 100 bales, his loss would be only in the neighborhood of 27 per cent, as contrasted to 50 to 60 per cent. A properly executed proof of loss, sworn to by the insured, would have included the manner and means by which the insured estimated and determined the extent and amount of his loss.

Although we have carefully examined the record, including the Statement of Facts and the exhibits, we do not find any conduct or statements on the part of appellee that would amount to a waiver of that portion of the policy requiring a submission of a proof of loss within 91 days of the damage. The Statement of Facts fully sets forth the actions and conduct of all parties, and we think the trial judge was correct in holding that, assuming everything alleged by the plaintiff to be true, there still did not exist grounds for a waiver of the submission of Proof of Loss. As we have stated above, it is conceded that such proof of loss was never submitted.

Appellant's two points are therefore overruled, and the judgment of the trial court is affirmed.